John Donald DUNN, Petitioner–Appellant,

v.

Ivalee HENRY; Attorney General of the State of California, Respondents–Appellees.

No. 04–17456.

D.C. No. CV–97–00678–GEB/JFM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 21, 2005.

Decided Nov. 4, 2005.

James S. Thomson, Berkeley, CA, for Petitioner–Appellant.

George Hendrickson, Deputy Attorney General, Sacramento, CA, for Respondents–Appellees.

Before BEEZER and KOZINSKI, Circuit Judges, and CARNEY,* District Judge.

MEMORANDUM**

Petitioner John Donald Dunn appeals the district court's ruling denying his petition for a writ of habeas corpus. The record reflects that the state courts did not contravene or unreasonably apply clearly established federal law or unreasonably determine the facts in denying Petitioner's habeas claims. *See* 28 U.S.C. § 2254(d). We affirm.

1. The state court reasonably determined that the prosecutor's peremptory challenges were not motivated by group bias. *See Hernandez v. New York*, 500 U.S. 352, 363, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991) (plurality opinion) (proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause); *Fernandez v. Roe*, 286 F.3d 1073, 1077 (9th Cir.2002). Even after taking a comparative analysis into account, the evidence in the record supports the

---

* The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

finding that the prosecutor excused four potential jurors not because they were African–American, but because of his belief that the potential jurors would be sympathetic to the defense for race-neutral reasons. The prosecutor excused people of other races with similar characteristics to the four African–Americans who were excused, and ultimately seated two African–American jurors.

2. The state court's determination that Petitioner was competent to stand trial was not an unreasonable determination of the facts in light of the evidence presented. Petitioner testified fully and coherently at trial, consulted and assisted counsel in the defense, and understood the nature and object of the proceedings against him. *See Drope v. Missouri,* 420 U.S. 162, 171, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975) ("[A] person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."). The trial judge was confronted with no bona fide doubt as to Petitioner's competence. *See Torres v. Prunty,* 223 F.3d 1103, 1106–07 (9th Cir.2000).

3. The state court's rejection of Petitioner's claim of ineffective assistance of counsel was neither contrary to, nor an unreasonable application of, *Strickland* and its progeny. *See Strickland v. Washington,* 466 U.S. 668, 687– 88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (reversal required only where counsel's performance falls below an objective standard of reasonableness and the defendant is prejudiced by the deficient performance). Petitioner did nothing during the course of his dealings with his counsel that should have alerted his counsel of the need to investigate Petitioner's competency to stand trial. In any event, Petitioner cannot show any prejudice by his counsel's failure to further investigate, as Petitioner was indeed competent to stand trial.

4. There was no cumulative prejudicial error for all the foregoing reasons.

**AFFIRMED.**